**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4771-16T1

JAMES N. QUERRY,

     Plaintiff-Respondent,

v.

MARY K. QUERRY, n/k/a
MARY K. OLSEN,

     Defendant-Appellant.

_____

Submitted September 25, 2018 – Decided November 19, 2018

Before Judges Rothstadt and Natali.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Hunterdon County, Docket No. FM-10-0097-03.

Carter, Van Rensselaer & Caldwell, attorneys for appellant (William J. Caldwell, on the briefs).

Patrick J. Mullaney, attorney for respondent.

PER CURIAM

In this post-judgment dissolution matter, defendant Mary K. Olsen, formerly Mary K. Querry, appeals from the Family Part's May 11, 2017 order denying her motion to emancipate her and plaintiff James N. Querry's eldest son upon his graduation from high school and his alleged "enlistment" in the Marines and to terminate her child support obligation for him. She also appeals from its order granting plaintiff's motion to compel defendant to contribute toward their younger son's post-secondary vocational school expenses and rejecting defendant's support calculations.

On appeal, defendant argues that the motion judge erred by designating February 14, 2016, as the date of emancipation for the oldest child, ignoring clear proof that plaintiff's earlier change of circumstances applications were fraudulent, determining that laches applied to defendant's entitlement to relief from an earlier support order, and improperly assessing the Newburgh[1] factors in determining that defendant must contribute towards the parties' younger child's post-secondary vocational school expenses. She also contends that she was entitled to credit against child support effective upon their older child's graduation and her support obligation should have been limited to one child

---

[1] Newburgh v. Arrigo, 88 N.J. 529, 545 (1982).

without the teen supplement. Finally, defendant claims the judge erred in awarding attorney's fees to plaintiff. For the reasons that follow, we affirm.

I.

The facts found by the motion judge after a plenary hearing are summarized as follows. The parties were married on October 21, 1995 and divorced in 2003. They have two sons, one born in 1995 and the other in 1998. Their dual final judgment of divorce (JOD) incorporated the parties' February 26, 2003 Custody and Parenting Plan (CPP) that addressed custody and support of their sons, who at the time of divorce were ages 7 and 4. Under the CPP, the parties shared joint legal custody of the children and defendant was designated as parent of primary residence for both children. The JOD required plaintiff to pay $50 per week for child support both children. Neither the JOD nor the CPP addressed the children's post-high school education expenses or emancipation.

After the divorce, the two boys lived with defendant until 2010 when the older son moved in with plaintiff and 2013 when the younger son followed. Apparently, the change in living arrangements was due to a conflict between the boys and defendant's new husband. At the time the older son moved out from defendant's home, the parties entered into a consent order terminating plaintiff's obligation to pay support as it was their intention that each party support the

3

child residing with them. When the younger son moved out, there was no change in the support obligations. Although both children lived with plaintiff since 2013, defendant never paid any child support.

The older son graduated from high school in June 2014. Prior to his graduation, he investigated the possibility of joining the Marines and anticipated enlisting upon graduation, but that did not occur at that time. After graduation, while still living with plaintiff, he worked at a part-time job while he continued to pursue enlistment. He eventually understood that he would be "shipped out" in February 2016. However, prior to that time, the older son sustained an injury that prevented him from joining the service. Instead, for a while, he contemplated attending college but ended up securing a new job at a higher rate of pay and in July 2016, with his father's and grandparents' assistance, he moved out of plaintiff's home and began living with his fiancé and their young children, while still receiving help from plaintiff.

The younger son graduated high school in June 2016 and continued to live with and receive support from plaintiff. He immediately enrolled in a vocational school pursuing a career as a certified master mechanic. At the time of the present dispute, he was also contemplating enlisting in the Navy. In addition to attending school, he volunteered as a firefighter. In order to help fund his post-

4

high school education, he obtained grants and loans, with plaintiff paying the balance through loans. Defendant provided no support for him nor did she contribute towards his education.

The parties' present dispute arose in April 2014 when plaintiff filed a motion for child support. Defendant did not respond to the motion. A Family Part judge granted the motion on July 7, 2014, without establishing a support amount because the parties had not submitted necessary financial information. The judge ordered the parties to submit that information so he could revaluate child support. However, neither party submitted the information and no recalculation of support occurred.

In 2015 plaintiff filed another motion for an order compelling defendant to pay child support and contribute towards the children's college expenses. Defendant filed a cross-motion seeking that any child support or college expense payment be limited to the benefit of the younger child as, according to defendant, the older son was emancipated. She also sought to limit any award to be retroactive only to the filing date of the current motion.

On October 21, 2015, Judge Bradford M. Bury granted plaintiff's motion, ordering defendant to pay $248 per week in child support for both children, retroactive to July 14, 2014, on an interim basis pending defendant's submission

A-4771-16T1

of the "long overdue financial documents previously ordered on . . . July 7, 2014," which plaintiff had provided but defendant had still failed to submit. He denied without prejudice plaintiff's motion to compel defendant to contribute to the older son's college expenses because there were "insufficient proofs as to" the boy's college expenses. He denied the application for the younger child's college expenses because the claim was "unripe," and he denied without prejudice defendant's motion to emancipate the older son as of December 15, 2013, because the boy was intending to attend college and there was no evidence that he "moved beyond the sphere of influence of the parties and obtained an independent status of his own."

On July 19, 2016, plaintiff filed another motion to compel defendant to contribute to the younger son's "continuing educational and training expenses[,]" and to provide the outstanding financial information. In response, defendant filed a cross motion to: 1) set aside the October 21, 2015 order; 2) declare the older son emancipated; 3) terminate child support; 4) apply retroactive credits for child support; 5) deny plaintiff's request for contribution to the younger son's educational costs; and 6) award attorney fees.

On September 20, 2016, Judge Julie M. Marino denied defendant's motion and ordered a plenary hearing "to determine the share of contribution" for [the

younger son]'s continued education, "and whether [the older son] should be deemed emancipated." The order also required defendant to "provide her updated financial information[,]" and "reserved" her request for counsel fees.

Judge Marino conducted a plenary hearing over four nonconsecutive days in early 2017.[2] After considering the testimony and evidence adduced at the hearing and the parties' written submissions and oral arguments, on May 11, 2017, Judge Marino issued an order denying defendant's motion supported by a comprehensive twenty-two page written decision. In the order, Judge Marino fixed February 14, 2016, as the older son's date of emancipation. She also ordered defendant to contribute $14,740 toward the younger son's post-secondary education costs. In addition, Judge Marino ordered defendant to pay child support for the younger son in the amount of $221 per week and arrears that accrued between July 7, 2014 and February 14, 2016 in the amount of $50 per week. Finally the judge required defendant to pay plaintiff's counsel fees in the amount of $10,000.

In her written decision, Judge Marino set forth her detailed findings about the children's custody, support, and post-high school graduation activities, as

---

[2] At the hearing, in addition to the parties and their children, the parties' former attorneys, who represented them in 2014, testified about service of the 2014 motion on defendant.

summarized above. In her analysis of the legal issues, Judge Marino first addressed whether to terminate defendant's child support obligation retroactively to July 7, 2014. The judge noted that following the 2010 consent order, the parties agreed "that each would pay the costs for the child residing with him/her." Moreover, she observed that between 2010 and November 2015, both children moved out of defendant's home, and during this time, "[d]efendant [] paid virtually no child support . . . ." The judge emphasized that defendant had an opportunity to contest the July 2014 order that established her child support obligation, but she failed to "take reasonable steps to address and oppose it." According to the judge, "[i]t would be fundamentally unfair to [p]laintiff to re-open these resolved issues[,]" and as such, Judge Marino denied defendant's "request to retroactively terminate child support to July 7, 2014."

Next, Judge Marino addressed the issue of the older son's emancipation. The judge found that he "became emancipated in or around February 14, 2016[]" as it was "the date that [he] was set to ship out in the Marine Corps." The judge noted that had his injury impacted his ability to be independent, then there would be a different finding. However, she stated that after he recovered, he obtained employment "earning $20 per hour and moved out of [plaintiff's] home." Judge Marino determined that the "year and one half" that the older son took to figure

8

out what he wanted to do post-high school was not "an unreasonable amount of time," and importantly, during this time, he "was not able to support himself," although "he was taking appropriate steps to become emancipated."

With respect to the younger son's educational expenses, the judge noted that defendant had the financial means[3] to "contribute to [her son]'s school costs[,]" and that the parties' final JOD "is silent as to contribution of college costs." Judge Marino applied the Newburgh factors to determine whether defendant had an obligation to contribute towards her son's college expenses.

In applying the relevant factors the judge found the following:

> (1) [T]hat if the [younger son was] still living with both parties, they would have contributed to his post-secondary education costs.
>
>     . . . .
>
> (2) [I]t was inherently reasonable for [the son] to anticipate that he would obtain post-secondary education.
>
>     . . . .
>
> (3) The cost of [the son]'s education at Lincoln Tech is $38,000.

---

[3] The amount of the contribution as determined by the Judge is not an issue in this appeal. Defendant concedes she has the ability to pay that amount. As discussed below, the issue raised is whether defendant should be contributing at all.

A-4771-16T1

. . . .

(4) [T]hat [d]efendant does have the financial ability to pay for these costs. Not only is [d]efendant able to contribute $300 per month to her 403(b) and pay $390 per month for the RV, as well as $376 per month . . . for a campsite, but . . . she recently discharged over $60,000 worth of credit card debt in bankruptcy[.]

. . . .

(5) [The younger son] desires to obtain his master mechanic certification. Lincoln Tech offers this course of study.

. . . .

(6) Defendant has the financial ability to contribute to [the son]'s education. . . . [and] by availing himself of the parent plus loan option, [plaintiff] has been able to contribute his share.

. . . .

(7) [The younger son] appears firmly committed to his studies.

. . . .

(8) [The younger son] has no independent financial resources.

. . . .

(9) Currently[,][the son] is not employed. . . . Given [his] limited time and significant demands of his courses, the court sees no good reason to compel him to take a minimum wage job, which pay will be

10

insignificant as compared to the $22,000 balance owed for his education.

. . . .

(10) [The younger son] applied for and was awarded a $5,000 Pell Grant and a student loan of $11,000.

. . . .

(11) Defendant is the adult and parent in this relationship and she bears the primary responsibility in making whatever arrangements or efforts were/are necessary to continue to parent her child and continue to maintain a healthy relationship with him. Her attempt to shift this burden to him, speaks volumes.

. . . .

(12) [The younger son]'s goals of being a master mechanic are fully supported by his current course of study at Lincoln Tech.

Judge Marino concluded that defendant was obligated to contribute to the younger son's "post-secondary education costs[.]"

Finally, the judge addressed counsel fees. She found that "an award of [fees] to [p]laintiff [was] appropriate[,]" and that defendant's income, "substantial assets[,]" and her unreasonable position during the litigation warranted the award. Moreover, the judge noted that: 1) "[p]laintiff's parents significantly supplement[ed] the parties' housing costs[;]" 2) defendant received "employer sponsored tuition" benefits; 3) defendant failed to "disclose that she

A-4771-16T1

had filed and been discharged in bankruptcy;" and 4) defendant has not paid any child support for her children "between the years 2010 and [November] 2015." Accordingly, the judge determined that defendant should pay plaintiff's counsel fees "in the amount of $10,000[.]" This appeal followed.

II.

We begin by acknowledging the limited nature of our review of Family Part determinations. We "accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters." Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare v. Cesare, 154 N.J. 394, 412 (1998)). "We do 'not disturb the factual findings and legal conclusions of the trial judge unless . . . convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Gnall v. Gnall, 222 N.J. 414, 428 (2015) (alterations in original) (quoting Cesare, 154 N.J. at 412). Therefore, "'[o]nly when the trial [judge]'s conclusions are so "clearly mistaken" or "wide of the mark"' should we interfere . . . .'" Ibid. (quoting N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008)). However, "all legal issues are reviewed de novo." Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017).

III.

We turn first to defendant's challenge to Judge Marino's determination about the older son's emancipation. Defendant initially argues that the judge mistakenly relied upon the wrong date for the older son's enlistment in the Marines. She contends that while Judge Marino relied upon February 14, 2016 as the boy's "ship out" date, it was actually supposed to be the same date in 2015. Moreover, she contends his enlistment occurred immediately after his graduation in June 2014, and pursuant to N.J.S.A. 2A:17-56.67,[4] the older son "was emancipated at the time of enlistment." Defendant also relies upon the older son's employment in December 2014 and argues that "the latest emancipation should have occurred would have been December 2014 when [her son] became employed full-time at $12/hour."

Relying on Filippone v. Lee, 304 N.J. Super. 301, 308 (App. Div. 1997), defendant argues that Judge Marino "did not explain . . . how [p]laintiff . . . overcame the 'prima facie case for emancipation.'" To support this contention, defendant asserts that after graduating high school, her son "was an employed

---

[4] The statute which became effective in February 2017 addresses emancipation and states in relevant part "[u]nless otherwise provided in a court order or judgment, the obligation to pay child support shall terminate by operation of law without order by the court on the date that a child . . . enters the military service [or] reaches 19 years[,]" absent certain exceptions. N.J.S.A. 2A:17-56.67.

single person, earning almost 65% of the $248 weekly child support award[,]" and "[b]y December 2014, . . . [he] was earning almost 200% of the child support award[, which was] roughly 50% [of] [p]laintiff's annual income"  For that reason, even though the older son was living with plaintiff after graduation, he "was clearly beyond the guidance and control of the [p]laintiff."  We disagree.

Although there is a statutory presumption that a child reaches adulthood at eighteen, see N.J.S.A. 9:17B-3, and absent a court order to the contrary, a parent's obligation to support a child automatically ends at age nineteen, see N.J.S.A. 2A:17-56.67, it remains beyond cavil in this State that "[i]n certain situations, parents still have an economic duty to support children" beyond those ages.  Ricci, 448 N.J. Super. at 572 (quoting Llewelyn v. Shewchuk, 440 N.J. Super. 207, 215 (App. Div. 2015)).  The determination of whether an adult child is emancipated is highly fact-sensitive.  See Newburgh, 88 N.J. at 543.

In Ricci, we summarized a court's considerations when determining whether a child is emancipated.  We stated:

> A determination of emancipation is a legal issue, imposed when the fundamental dependent relationship between parent and child ends.  See Dolce v. Dolce, 383 N.J. Super. 11, 17 (App. Div. 2006) (stating emancipation is "the conclusion of the fundamental dependent relationship between parent and child").  It is not automatic and "need not occur at any particular age . . . ."  Newburgh, 88 N.J. at 543.  When

14

circumstances surrounding the parent-child relationship support a finding that the child is emancipated, "the parent relinquishes the right to custody and is relieved of the burden of support, and the child is no longer entitled to support." Filippone, 304 N.J. Super. at 308.

. . . .

"[T]he essential inquiry is whether the child has moved 'beyond the sphere of influence and responsibility exercised by a parent and obtains an independent status of his or her own.'" Filippone, 304 N.J. Super. at 308 (quoting Bishop v. Bishop, 287 N.J. Super. 593, 598 (Ch. Div. 1995)). A court's emancipation "determination involves a critical evaluation of the prevailing circumstances including the child's need, interests, and independent resources, the family's reasonable expectations, and the parties' financial ability, among other things." Dolce, 383 N.J. Super. at 18 (citing Newburgh, 88 N.J. at 545).

[Ricci, 448 N.J. Super. at 571-73.]

Emancipation is also not triggered by the fact that a child is or is not living with a parent. "'[P]arents are expected to support their children until they are emancipated, regardless of whether the children live with one, both, or neither parent.'" Colca v. Anson, 413 N.J. Super. 405, 414 (App. Div. 2010) (quoting Burns v. Edwards, 367 N.J. Super. 29, 39 (App. Div. 2004)). "Not even the absence of a meaningful relationship relieves the legally obliged parent from providing support for a child's basic needs" until they are emancipated. L.V. v.

R.S., 347 N.J. Super. 33, 41 (App. Div. 2002). Nor does a child's pursuit of a career in the military, absent actual entry into active duty with the military or enrollment in one of the service academies. See Bishop, 287 N.J. Super. at 604. Likewise, "[an adult] child's decision to seriously pursue a college education alone does not create the required dependency allowing him or her to be unemancipated." Ricci, 448 N.J. Super. at 577-78. As we emphasized in Ricci, "facts matter, and the judge must fully analyze all circumstances[.]" Id. at 578.

Applying these guiding principles here, we affirm Judge Marino's determination regarding the older son's emancipation substantially for the reason expressed in her thorough written decision. We are satisfied that Judge Marino conducted the required fact-sensitive review of the parties' and their older son's circumstances. We agree with her conclusion that the older son remained unemancipated through February 2016, which was supported by substantial, credible evidence in the record that established the older son remained within the sphere of influence and responsibility exercised by his parents and had not yet obtained an independent status of his own. Filippone, 304 N.J. Super. at 308.

16

IV.

We turn next to defendant's contentions about the judge requiring defendant to contribute towards her younger son's post-high school vocational training. According to defendant, Judge Marino erred in her application of the Newburgh factors. She contends that if the judge properly applied those factors her younger son would have been obligated to pay for his own post-secondary education expenses even though defendant has the ability to contribute to those costs. Defendant states that her "lifetime efforts at self-financed educational advancement" represents "the true family expectation about post high school education[,]" and that her son should fund his education as "[n]o parent . . . contributed a dime to her educational attainment." Defendant then argues that, even if this court finds that she must contribute towards her son's education, we should "take judicial notice (N.J.R.E. 201(b)) of the New Jersey Department of Labor Statistic" and "impute 50% of six month's income as being available in addition to the $100/week . . . to pay toward the $20,298" balance. Defendant contends that "[t]he remaining credit [from the recalculation of the child support] should be applied against the $221 child support calculated by the [c]ourt[,]" which will end when her younger son completes "his training program in December 2017."

17

We accord the Family Part "substantial discretion" in awarding college contribution. Gotlib v. Gotlib, 399 N.J. Super. 295, 308 (App. Div. 2008). We must accept the Family Part's determination concerning a parent's obligation to contribute toward college tuition, provided the factual findings are supported by substantial credible evidence in the record and the judge has not abused his or her discretion. Cesare, 154 N.J. at 411-12; Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 587 (App. Div. 2016).

Applying this deferential standard, we conclude that defendant's arguments are without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E), and affirm, again, substantially for the reasons expressed by Judge Marino in her written decision. Suffice it to say that, as found by the judge, defendant's contention that she paid her own way and therefore her son should do the same, was belied by the record of plaintiff's parents' support for both parties while defendant pursued her education and career. We are satisfied that Judge Marino properly "balance[d] the statutory criteria of N.J.S.A. 2A:34-23(a)[5] and the Newburgh factors, [see Newburgh, 88

---

[5] N.J.S.A. 2A:34-23(a) requires the court to consider:

(1) Needs of the child;

N.J. at 545,] as well as any other relevant circumstances, to reach a fair and just decision" as to defendant's obligation to contribute towards the younger son's post-secondary school expenses and correctly determined the "amount, [defendant] must contribute to [her] child's educational expenses." <u>Gac v. Gac</u>, 186 N.J. 535, 543 (2006); <u>see also</u> <u>Avelino-Catabran</u>, 445 N.J. at 591 n.8.

V.

We similarly find no merit to defendant's contentions about Judge Marino's calculation of defendant's child support obligation. Those contentions

---

(2) Standard of living and economic circumstances of each parent;

(3) All sources of income and assets of each parent;

(4) Earning ability of each parent . . . ;

(5) Need and capacity of the child for education, including higher education;

(6) Age and health of the child and each parent;

(7) Income, assets and earning ability of the child;

(8) Responsibility of the parents for the court-ordered support of others;

(9) Reasonable debts and liabilities of each child and parent; and

(10) Any other factors the court may deem relevant.

19

are based primarily on defendant's arguments about her older son's emancipation that we have rejected, an allegation that the judge improperly considered defendant not having paid support since 2010, and challenges to the judge's basis for the determination of child support that were not raised before Judge Marino that we will not consider for the first time on appeal. See Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (citing State v. Robinson, 200 N.J. 1, 20 (2009) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973))).

## VI.

Last, we consider defendant's arguments about Judge Marino's award of counsel fees. Defendant contends that the judge "erred in awarding attorney's fees to plaintiff" as "[t]here was no proof that [p]laintiff was in financial need[,]" and "[p]laintiff's bad faith litigation position was manifest." To support this contention, defendant asserts that "[t]he record demonstrates that his parents always . . . subsize[d] [p]laintiff's lifestyle." Moreover, defendant states that plaintiff "omitted material facts" from his certification for his "applications to the [c]ourt in 2014 and 2015[,]" and "[h]e promoted a date of emancipation in clear violation of statutory imperative."

We accord great deference to a trial judge's award of counsel fees in a family matter. The award "is discretionary, and will not be reversed except upon

a showing of an abuse of discretion." <u>Barr v. Barr</u>, 418 N.J. Super. 18, 46 (App. Div. 2011). The decision to award counsel fees "rests in the discretion of the trial court," <u>Addesa v. Addesa</u>, 392 N.J. Super. 58, 78 (App. Div. 2007), and will be disturbed "only on the 'rarest occasion,' and then only because of clear abuse of discretion." <u>Strahan v. Strahan</u>, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting <u>Rendine v. Pantzer</u>, 141 N.J. 292, 317 (1995)). In determining whether s court exercised reasonable discretion, we consider whether the "decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" <u>Flagg v. Essex Cty. Prosecutor</u>, 171 N.J. 561, 571 (2002) (quoting <u>Achacoso-Sanchez v. Immigration & Naturalization Serv.</u>, 779 F.2d 1260, 1265 (7th Cir. 1985)).

N.J.S.A. 2A:34-23 provides: "The court may order one party to pay a retainer on behalf of the other for expert and legal services when the respective financial circumstances of the parties make the award reasonable and just." Rule 5:3-5(c) sets forth nine factors the court must consider in making an award of counsel fees in a family action. Essentially,

> in awarding counsel fees, the court must consider whether the party requesting the fees is in financial need; whether the party against whom the fees are sought has the ability to pay; the good or bad faith of either party in pursuing or defending the action; the

nature and extent of the services rendered; and the reasonableness of the fees.

[Mani v. Mani, 183 N.J. 70, 94-95 (2005) (emphasis omitted).]

For purposes of awarding counsel fees, bad faith relates only to the party's conduct during the litigation. Id. at 95. The purpose of an award of fees against a "bad faith" litigant "is to protect the innocent party from unnecessary costs . . . ." Yueh v. Yueh, 329 N.J. Super. 447, 461 (App. Div. 2000).

Here, Judge Marino considered the Rule 5:3-5(c) factors and concluded that defendant had considerable income and assets, and determined that defendant's opposition to contributing to her children's support, including post secondary school expenses for their younger son, was without any basis. She found that contrary to defendant's allegations about being self-made that justified her not paying for those expenses, defendant did not achieve her education and career without assistance. The judge found that defendant received "employer sponsored tuition" benefits, financial assistance for housing costs from plaintiff's parents, and the benefit of not paying child support since 2013. Under these circumstances, defendant did not establish any abuse of the judge's discretion in her award of counsel fees to plaintiff.

To the extent that we have not specifically addressed any of defendant's remaining arguments, we conclude that they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4771-16T1