**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3949-22

J.M.,[1]

    Plaintiff-Respondent,

v.

M.M.,

    Defendant-Appellant.

_____

> Submitted August 27, 2024 – Decided September 17, 2024
>
> Before Judges Gooden Brown and Vinci.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FM-15-0177-20.
>
> Amdur, Maggs & Dugan, PC, attorney for appellant (Laura K. Dugan, on the brief).
>
> Respondent has not filed a brief.

---

[1] We use initials to protect the privacy of the parties in accordance with Rule 1:38-3(d).

PER CURIAM

In this post-judgment dissolution matter, defendant/ex-wife appeals from provisions of a July 14, 2023, Family Part order denying reconsideration of an April 28, 2023, order; denying defendant's request for plaintiff/ex-husband's financial information; denying defendant's request to essentially divide mediation costs in accordance with the parties' income; and denying defendant an award of counsel fees. Among other things, the April 28, 2023, order upheld the parties' Marital Settlement Agreement (MSA), wherein child support was not sought, and ordered the parties to attend court-ordered mediation with the costs split evenly between them. Based on our review of the record and the applicable legal principles, we reverse and remand.[2]

After a nine-year marriage that produced three children,[3] the parties divorced in 2019 by virtue of a final judgment of divorce (FJOD) that incorporated the parties' MSA and addenda. Under the MSA, the parties agreed

---

[2]  At the outset, we point out that defendant's notice of appeal only identified the July 14, 2023, order denying her motion for reconsideration. If the notice of appeal "designates only the order entered on a motion for reconsideration, it is only that proceeding and not the order that generated the reconsideration motion that is reviewed." Pressler & Verniero, Current N.J. Court Rules, cmt. 5.1 on R. 2:5-1(f)(1) (2025).

[3]  The first child was born prior to the marriage in 2006, the second in 2011, and the third in 2015.

to "[j]oint [l]egal [c]ustody of the minor children," and that "child support [was] not sought." The parties also agreed to split physical custody "50/50," with all expenses split between them. Additionally, both parties waived alimony and all claims to any retirement accounts. As to the division of marital property, among other things, the MSA provided that defendant would relinquish any ownership interest in the parties' rental property located in Toms River but would reside at the property for three years while plaintiff paid the mortgage. Given the provisions in the MSA, no child support guidelines worksheet was appended, no Case Information Statements (CIS) were attached, and no financial discovery was exchanged.

After the divorce, defendant engaged in post-judgment motion practice seeking, among other things, to establish child support despite the terms of the MSA. Ultimately, the judge entered an April 28, 2023, order denying defendant's September 23, 2022, application to set aside the MSA. In an accompanying statement of reasons, the judge determined defendant failed to present any proof of "a change in circumstances from the time of the entry of the MSA to justify the modification of the existing child support provisions contained in the parties' agreement." The judge further explained that "[e]ven if there were proofs presented to show a change in circumstances," the motion

3

was "facially deficient" because it was missing the CIS required under Rule 5:5-4(a)(4) to provide the financial details to evaluate the request. The judge did, however, grant defendant's request "to attend court-ordered mediation . . . with the costs to be split evenly between the parties" to address parenting time issues that were not resolved in the MSA, but denied defendant's request for counsel fees.

Defendant subsequently moved for reconsideration. In a supporting certification, defendant averred that she had resided in the parties' rental property rent free for three years as contemplated in the MSA. However, the fact that she was now "required by [their a]greement to move out of a rent-free home with the children in and of itself create[d] a significant change of circumstances" warranting "the exchange of financial information, child support to be set, and the percentage division of the children's other expenses to be determined based upon the [c]hild [s]upport [g]uideline[s] [w]orksheet" she provided to the court. According to defendant, "[her] child support was previously received in the form of free rent" and "[t]he end of this support justifie[d] a review of child support."

To further support her application, defendant pointed to the disparity in the parties' income, certifying that she currently earned $78,005 per year,

reflecting a modest increase from the $65,000 per year she earned in 2019. In contrast, plaintiff, who was still employed as a police officer, earned $140,080 before overtime in 2019, plus other income from serving in the military. Defendant provided her current CIS with her moving papers and requested that plaintiff be required to provide an updated CIS with all attachments. Defendant also requested reconsideration of the court's order "to evenly divide the cost for the [m]ediator," and the denial of counsel fees.

Plaintiff opposed the motion and cross-moved for relief not pertinent to this appeal. In his supporting certification, plaintiff acknowledged that "child support belong[ed] to [their] children, not [d]efendant nor [plaintiff]," and conceded "that the waiver of rental income" from defendant was partly for "child support." However, plaintiff rejected defendant's contention that child support should be established at "$208 per week." Instead, plaintiff proffered that "child support should be set to $107 per week," in accordance with the formula articulated in Wunsch-Deffler v. Deffler, 406 N.J. Super. 505 (Ch. Div. 2009), to account for the parties' shared parenting time. Plaintiff also proposed that child support "should not be effective until [d]efendant vacates [his] home," or, if "back rent [was] ordered," "retroactive to October 31, 2022, the date [d]efendant was obligated to vacate [his] home."

To support his position, plaintiff attached his CIS but did not provide copies of his 2022 tax returns, which defendant believed would show additional income from his military disability payments and rental income. Accordingly, in a reply certification, defendant urged the court to require plaintiff to provide the missing financial information. Defendant also asserted that based on plaintiff's earnings evident in his CIS, plaintiff should pay "at least . . . $297 per month as child support for . . . three . . . children."

On July 14, 2023, following oral argument, the judge entered an order and accompanying written decision denying defendant reconsideration. The judge reasoned:

> When . . . [d]efendant brought the motion to revise the parties' child support obligations, her removal from the parties' former rental property had not only not yet occurred, this change was not even sought by . . . [p]laintiff until his filing of [p]laintiff's cross-motion almost six months later. The [c]ourt simply cannot have erred by not considering an argument that had not been raised and could not have been raised in . . . [d]efendant's motion. For this reason, pursuant to [Rule] 4:49-2, motions for reconsideration cannot serve as a vehicle for new arguments that were not previously before the [c]ourt. Lahue v. Pio Costa, 263 N.J. Super. 575, 598 (App. Div. 1993). Further, even if this argument had been raised in [d]efendant's September 23, 2022[,] [m]otion, a modification of a support obligation is not warranted if the change in circumstances is "only temporary[,]" [Bonanno v. Bonanno, 4 N.J. 268, 275 (1950)] or is "expected but

[has] not yet occurred."  [Lepis v. Lepis, 83 N.J. 139, 151 (1980)].

The judge added that "[d]efendant's September 23, 2022[,] motion was facially defective in seeking the relief being sought" because it "did not contain" the requisite CIS.

Next, the judge denied defendant's request to order plaintiff to provide current financial information, finding the application "facially deficient."  Citing Rule 5:5-4(a)(4),[4] the judge explained that defendant failed to provide her financial information "at the time the parties' MSA was executed to support [her] claim that by vacating the parties' former rental property where [she] resided rent-free [was] a change in the financial circumstances."  According to the judge,

> [t]o contend that this constitutes a substantial change in [d]efendant's financial circumstances must be supported with financial information to compare to from the time when the MSA was executed in 2019 and the current child support obligation was established to allow the [c]ourt to compare [d]efendant's finances in 2019 to the present to determine if there has been a substantial change in circumstances as [d]efendant contends.  In short, the present motion is facially

---

[4] Rule 5:5-4(a)(4) requires movants seeking child support modifications to "append copies of the movant's current [CIS] and the movant's [CIS] previously executed or filed in connection with the order, judgment or agreement sought to be modified."  Pursuant to the Rule, "[i]f the court concludes that the party seeking relief has demonstrated a prima facie showing of a substantial change of circumstances or that there is other good cause, then the court shall order the opposing party to file a copy of a current [CIS]."  Ibid.

deficient in demonstrating that there is a prima facie case of changed financial circumstances to justify requiring discovery of [p]laintiff's finances.

Turning to defendant's request to divide the cost of mediation based on the parties' respective incomes as reflected in the child support guidelines worksheet, the judge denied the request, referring to defendant's failure to provide "adequate financial information" in the present and previous motion "to permit such a re-allocation of the[] costs." Finally, after reviewing the factors contained in <u>Rules</u> 5:3-5 and 4:42-9, as well as the principles articulated in <u>Williams v. Williams</u>, 59 N.J. 229, 233 (1971), the judge denied defendant's request for counsel fees for the present and the previous motion. The judge noted that given the reasonableness and good faith of the positions advanced by the parties as well as the results obtained, an award of attorneys' fees was not appropriate.

In this ensuing appeal, defendant contends the judge erred in denying her reconsideration. Specifically, defendant asserts the judge "erred as a matter of law in concluding that no change of circumstance[s] occurred, warranting a review of [plaintiff's] child support obligations." Defendant also argues the judge erred in "not requiring financial discovery to be exchanged" to determine child support "when this had never been done in the first place." Additionally,

8

defendant asserts the judge erred in denying her request to divide mediation costs pursuant to the percentages contained in the child support guidelines worksheet she supplied and "denying [her] request for counsel fees twice."

We review a trial court's decision on a motion for reconsideration under an abuse of discretion standard. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). That said, reconsideration is granted "only under very narrow circumstances" and is only available when "either ([1]) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

Generally, our scope of review of a Family Part judge's order is limited. We owe substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). Thus, "[a] reviewing court should uphold the factual findings undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record." MacKinnon v. MacKinnon,

191 N.J. 240, 253-54 (2007) (alteration in original) (quoting N.J. Div. of Youth & Fam. Servs. v. M.M., 189 N.J. 261, 279 (2007)).

Although we owe no deference to the trial court's legal conclusions, Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995), we will not interfere with

> "the factual findings and legal conclusions of the trial judge unless . . . convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice" or when we determine the court has palpably abused its discretion.
>
> [Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (alteration in original) (quoting Cesare, 154 N.J. at 412).]

Stated differently, "we accept the trial judge's conclusion when evidentially supported" and "reverse only to 'ensure that there is not a denial of justice' because the family court's 'conclusions are . . . "clearly mistaken" or "wide of the mark."'" Id. at 48 (quoting N.J. Div. of Youth & Fam. Servs. v. E.P., 196 N.J. 88, 104 (2008)).

Turning to the substantive principles at issue in this appeal, "[i]t is fundamental that the right to child support belongs to the child and may not be waived by a custodial parent." L.V. v. R.S., 347 N.J. Super. 33, 41 (App. Div. 2002) (citing Kopak v. Polzer, 4 N.J. 327, 333 (1950)). "Even an explicit waiver

10

agreement cannot vitiate a child's right to support." Gotlib v. Gotlib, 399 N.J. Super. 295, 305 (App. Div. 2008). See, e.g., Kopak, 4 N.J. at 327 (explaining that release signed by mother eight years earlier did not waive child's right to support); Martinetti v. Hickman, 261 N.J. Super. 508, 512 (App. Div. 1993) (holding that parents' agreement in a consent order that support would end when daughter turned eighteen did not waive daughter's right to support beyond her eighteenth birthday).

Stated differently, "a parent cannot bargain away a child's right to support because the right to support belongs to the child, not the parent, and no agreement between the parents can deprive a court of its authority to require that adequate provision be made for dependent children." Dolce v. Dolce, 383 N.J. Super. 11, 18 (App. Div. 2006) (citing Martinetti, 261 N.J. Super. at 512). "Thus, '[i]f circumstances have changed in such a way that [the support provision] would no longer be equitable and fair, the court also remains free to alter the prior arrangement.'" Id. at 19 (alterations in original) (quoting Lepis, 83 N.J. at 161 n.12). See Patetta v. Patetta, 358 N.J. Super. 90, 94-95 (App. Div. 2003) (noting that "[t]he public policy of this State as derived from its parens patriae interest in the welfare of children prohibits parents from bargaining away the essential rights of their [children], including the right to be

properly supported" and where the rights of children are concerned, agreements are subject to "careful judicial scrutiny").

To that end, the Child Support Guidelines (Guidelines) "are to be applied with respect to the initial determination of child support and to motions for modification." Koelble v. Koelble, 261 N.J. Super. 190, 194 (App. Div. 1992); see also Zazzo v. Zazzo, 245 N.J. Super. 124, 129 (App. Div. 1990). Rule 5:6A governs the application of the Guidelines. "The trial court's application of the [G]uidelines is . . . mandatory unless 'good cause' is demonstrated as to why such application is inappropriate." Ribner v. Ribner, 290 N.J. Super. 66, 73 (App. Div. 1996). Good cause exists, in part, where (1) there are "other relevant factors which may make the guidelines inapplicable or subject to modification," or (2) an "injustice would result from the application of the guidelines." R. 5:6A.

In Isaacson v. Isaacson, 348 N.J. Super. 560 (App. Div. 2002), we distilled some salient principles applicable to child support awards:

> Orders for support "may be revised and altered by the court from time to time as circumstances may require." N.J.S.A. 2A:34-23. Upon a motion to modify child support, the moving party has the burden to make a prima facie showing of changed circumstances warranting relief. Only if such a showing is made does the court have the right to order full discovery regarding the financial circumstances of the other

spouse. See [Lepis, 83 N.J. at 157]; Dorfman v. Dorfman, 315 N.J. Super. 511, 515 (App. Div. 1998). A plenary hearing is necessary to adjudicate the matter only if there are genuine issues of material fact. Lepis, 83 N.J. at 159; Dorfman, 315 N.J. Super. at 515.

[Isaacson, 348 N.J. Super. at 579.]

Here, plaintiff agreed that defendant was entitled to a child support award with the cessation of her rent-free occupancy of the rental property and attendant increased housing cost, but disputed the amount sought by defendant and the effective date of the award. Indeed, plaintiff admitted that defendant's free housing contemplated under the MSA was partly for "child support." "In this regard, while an analysis of '"changed circumstances" [is] not limited in scope to events that were unforeseeable at the time of divorce,' at least from an objective perspective, it is clear that the 'reasonable expectations of the parties at the time . . . the agreement' was executed is a significant consideration." Dolce, 383 N.J. Super. at 19 (alterations in original) (first quoting Lepis, 83 N.J. at 152; then quoting Deegan v. Deegan, 254 N.J. Super. 350, 355 (App. Div. 1992)). As such, "care must be taken not to upset the reasonable expectations of the parties." J.B. v. W.B., 215 N.J. 305, 327 (2013).

Plaintiff's concession confirms that the parties intended the cessation of defendant's free housing to signal the requisite changed circumstances needed

13

to establish child support. Indeed, in Lepis, "the dependent spouse's loss of a house or apartment" is listed among the factors "courts have recognized [as] 'changed circumstances' that warrant modification . . . ." Id. at 151. The fact that the MSA made no provision for child support is of no moment. "[U]nlike modification of an alimony award, '[w]hen the movant is seeking modification of child support, the guiding principle is the "best interests of the children."'" Dolce, 383 N.J. Super. at 19 (quoting Lepis, 83 N.J. at 157).

As we recognized in Chobot v. Chobot, 224 N.J. Super. 648, 654 (App. Div. 1988), a trial court may "review[] the current circumstances of the parties according to the guidelines, despite a prior agreement" because an obligor "ha[s] no vested contract right which might defeat [the] obligation to meet the needs of [the obligor's] dependents." Because we are persuaded that reconsideration should have been granted based on a prima facie showing of changed circumstances, we reverse and remand the matter to the trial court to establish child support and the effective date in accordance with the Guidelines. Preliminarily, the judge shall order the exchange of financial discovery and, after considering appropriate submissions by the parties, conduct a plenary hearing if warranted. We leave that determination to the judge's discretion. See Rubin v. Rubin, 188 N.J. Super. 155, 160 (App. Div. 1982) (stressing the

14

importance of requiring income information when "dealing . . . with the support of a child").

Based on our decision, we also vacate the provisions of the July 14, 2023, order denying defendant's request to divide mediation costs according to the parties' respective income and denying defendant's requests for counsel fees. The judge should revisit those rulings once a determination is made regarding child support.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

15                                                            A-3949-22