890 A.2d 361 (2006)
383 N.J. Super. 11
Barbara M. DOLCE, Plaintiff-Appellant,
v.
Vincent J. DOLCE, Sr., Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued January 9, 2006.
Decided February 7, 2006.
*363 Michael A. Diamond, Paterson, argued the cause for plaintiff-appellant.
Maryann J. Rabkin argued the cause for defendant-respondent.
Before Judges LINTNER,[1] PARRILLO and HOLSTON, JR.
The opinion of the court was delivered by
PARRILLO, J.A.D.
In this post-judgment matrimonial matter, plaintiff, Barbara M. Dolce, appeals from an order of the Family Part declaring the parties' son emancipated as of age eighteen and terminating the child support obligation of defendant, Vincent J. Dolce, Sr.
At the time of their divorce on October 18, 2001, the parties were parents of a son, Vincent, Jr., who was born on July 17, 1986. Prior to their divorce, the parties entered into a property settlement agreement (PSA) on September 18, 2001, that was eventually incorporated into the final judgment of divorce (FJD). For purposes *364 here relevant, the parties agreed that plaintiff would be awarded primary residential custody of their son, and that defendant would pay child support of $200 per week until the son's emancipation, which would occur at the earliest of the following events:
A) Reaching the age of twenty-three (23) years or completion of four (4) academic years of college, whichever occurs first.
B) Marriage of the child, even though such marriage may be void or avoidable or annulled;
C) Death of the child;
D) Entry of the child into the Armed Forces of the United States, whether voluntary or involuntary.
Although the parties proceeded without benefit of counsel, they acknowledged that the PSA was "fair, adequate and satisfactory to them."
Despite the emancipation provision of the PSA, defendant moved to declare his son emancipated shortly after Vincent, Jr. turned eighteen on July 17, 2004. By then, Vincent, Jr. had discontinued his formal high school education at the age of fifteen, was subsequently home schooled for a time, but had yet to successfully obtain his GED. In support of his motion, defendant relied exclusively on the fact that Vincent, Jr. had attained the age of majority. He did not allege, much less demonstrate, that his son was economically self-sufficient or otherwise met any of the emancipation events listed in the PSA, or that circumstances had substantially changed. The Family Part judge granted defendant's motion, declaring the son emancipated as of September 4, 2004, the date the motion was filed. Although the judge acknowledged that Vincent, Jr. suffered from "education problems for quite some time,"a fact conceded by both partieshe nevertheless found the son emancipated essentially "by operation of law":
There's one difference in this case, and that is he's emancipated by operation of law. I don't believe that you can contract to compel him to pay beyond what he's required to do legally. In other words, this boy is not a student. We know that. He's not a good student, but that's not the issue. Not being a good student has no bearing on it. He dropped out of school. He was home-schooled. He didn't pass the GED. He's been employed. I don't believe that you can compel the father to pay support beyond his emancipation, and I think he's emancipated by law. The law says you are emancipated when you enter the service, marriage, finish high school at the age of 18 and don't go beyond. He has done that.
We disagree.
Emancipationthe conclusion of the fundamental dependent relationship between parent and childis not a self-executing principle. It does not occur, as suggested by the motion judge, automatically, by operation of law, simply by reason of the dependent child reaching the age of majority, now eighteen. Newburgh v. Arrigo, 88 N.J. 529, 543, 443 A.2d 1031 (1982). Indeed, "emancipation need not occur at any particular age. . . ." Ibid.; see also Limpert v. Limpert, 119 N.J.Super. 438, 440, 292 A.2d 38 (App.Div.1972). In fact, a rebuttable presumption against emancipation exists prior to attaining the age of eighteen. Newburgh, supra, 88 N.J. at 543, 443 A.2d 1031; see also N.J.S.A. 9:17B-3. Correspondingly, reaching the age of majority establishes only "prima facie, but not conclusive, proof of emancipation." Newburgh, supra, 88 N.J. at 543, 443 A.2d 1031 (citing Alford v. Somerset County Welfare Bd., 158 N.J.Super. 302, 310, 385 A.2d 1275 (App.Div. *365 1978); Limpert, supra, 119 N.J.Super. at 440, 292 A.2d 38)).
The issue of "[w]hether a child is emancipated at age eighteen, with the correlative termination of the right to parental support," is fact-sensitive. Ibid. "[T]he essential inquiry is whether the child has moved `beyond the sphere of influence and responsibility exercised by a parent and obtains an independent status of his or her own.'" Filippone v. Lee, 304 N.J.Super. 301, 308, 700 A.2d 384 (App.Div.1997) (quoting Bishop v. Bishop, 287 N.J.Super. 593, 598, 671 A.2d 644 (Ch.Div.1995)). This determination involves a critical evaluation of the prevailing circumstances including the child's need, interests, and independent resources, the family's reasonable expectations, and the parties' financial ability, among other things. Newburgh, supra, 88 N.J. at 545, 443 A.2d 1031.
A significant consideration in this regard is the agreement of the parties to voluntarily extend the parental duty of support beyond the presumptive age of emancipation. In other words, a parent can bind himself or herself by consensual agreement, voluntarily and knowingly negotiated, to support a child past majority, and such agreement is enforceable if fair and equitable. Of course, a parent cannot bargain away a child's right to support because the right to support belongs to the child, not the parent, Martinetti v. Hickman, 261 N.J.Super. 508, 512, 619 A.2d 599 (App.Div.1993), and no agreement between the parents can deprive a court of its authority to require that adequate provision be made for dependent children. On the other hand, however, nothing in the law, and no principle of public policy prevents a parent from freely undertaking to support a child beyond the presumptive legal limits of parental responsibility. See Church v. Hancock, 261 N.C. 764, 136 S.E.2d 81, 83 (1964); Worthington v. Worthington, 207 Ark. 185, 179 S.W.2d 648, 649 (1944); Dep't of Revenue ex rel. Hall v. Hall, 699 So.2d 1036, 1037 (Fla.Dist.Ct. App.1997). In such an instance, the parental obligation is not measured by legal duties otherwise imposed, but rather founded upon contractual and equitable principles. Church, supra, 136 S.E.2d at 83.
To be sure, given the inherent equitable powers of the Family Part, support orders, including those setting emancipation events, "may be revised and altered by the court from time to time as circumstances may require," including an order resulting from an agreement. N.J.S.A. 2A:34-23; see also Lepis v. Lepis, 83 N.J. 139, 146, 416 A.2d 45 (1980); W.S. v. X.Y., 290 N.J.Super. 534, 541, 676 A.2d 179 (App.Div.1996); Dunne v. Dunne, 209 N.J.Super. 559, 565, 508 A.2d 273 (App.Div.1986). Thus, "[i]f circumstances have changed in such a way that [the support provision] would no longer be equitable and fair, the court also remains free to alter the prior arrangement." Lepis, supra, 83 N.J. at 161 n. 12, 416 A.2d 45 (citing Khalaf v. Khalaf, 58 N.J. 63, 71-72, 275 A.2d 132 (1971) and Rufner v. Rufner, 131 N.J. Eq. 193, 196, 24 A.2d 180 (E. & A.1942)). The duty of support is "always subject to review and modification on a showing of `changed circumstances.'" Lepis, supra, 83 N.J. at 146, 416 A.2d 45 (quoting Chalmers v. Chalmers, 65 N.J. 186, 192, 320 A.2d 478 (1974)).
"[T]he moving party has the burden of establishing the circumstances that warrant the change." Zazzo v. Zazzo, 245 N.J.Super. 124, 132, 584 A.2d 281 (App.Div.1990), certif. denied, 126 N.J. 321, 598 A.2d 881 (1991). In this regard, while an analysis of "`changed circumstances' [is] not limited in scope to events *366 that were unforeseeable at the time of divorce," Lepis, supra, 83 N.J. at 152, 416 A.2d 45, at least from an objective perspective, it is clear that the "`reasonable expectations of the parties at the time ... the agreement'" was executed is a significant consideration. Deegan v. Deegan, 254 N.J.Super. 350, 355, 603 A.2d 542 (App. Div.1992) (quoting Dilger v. Dilger, 242 N.J.Super. 380, 388, 576 A.2d 951 (Ch.Div. 1990)); Avery v. Avery, 209 N.J.Super. 155, 161-62, 507 A.2d 242 (App.Div.1986). Indeed, "[i]f the existing support arrangement has in fact provided for the circumstances alleged as `changed,' it would not ordinarily be `equitable and fair,' to grant modification." Lepis, supra, 83 N.J. at 153, 416 A.2d 45 (quoting Smith v. Smith, 72 N.J. 350, 360, 371 A.2d 1 (1977)).
In any event, unlike modification of an alimony award, "[w]hen the movant is seeking modification of child support, the guiding principle is the `best interests of the children.'" Lepis, supra, 83 N.J. at 157, 416 A.2d 45 (quoting Hallberg v. Hallberg, 113 N.J.Super. 205, 209, 273 A.2d 389 (App.Div.1971)); see also Bengis v. Bengis, 227 N.J.Super. 351, 547 A.2d 701 (App.Div.1987). Moreover, where there has been a voluntary undertaking to advantage the child beyond that minimally required, courts must "giv[e] due weight to the strong public policy favoring stability of [consensual] arrangements," Smith, supra, 72 N.J. at 360, 371 A.2d 1, before releasing one of the contracting parties from disadvantageous terms actually agreed upon. Cf. Konzelman v. Konzelman, 158 N.J. 185, 193, 729 A.2d 7 (1999).
Settlement agreements in matrimonial matters, being "essentially consensual and voluntary in character, . . . [are] entitled to considerable weight with respect to their validity and enforceability" in equity, provided they are fair and just. Petersen v. Petersen, 85 N.J. 638, 642, 428 A.2d 1301 (1981) (citing Carlsen v. Carlsen, 72 N.J. 363, 370-71, 371 A.2d 8 (1977); see also Lepis, supra, 83 N.J. at 153, 416 A.2d 45; Berkowitz v. Berkowitz, 55 N.J. 564, 569, 264 A.2d 49 (1970); Schlemm v. Schlemm, 31 N.J. 557, 581-82, 158 A.2d 508 (1960). "`[S]eparation agreements . . . are generally favored by the courts as a peaceful means of terminating marital strife and discord so long as they are not against public policy.'" Konzelman, supra, 158 N.J. at 194, 729 A.2d 7 (quoting Gordon v. Gordon, 342 Md. 294, 675 A.2d 540, 544 (1996)); see also Weishaus v. Weishaus, 180 N.J. 131, 143, 849 A.2d 171 (2004). "And while incorporation of a PSA into a divorce decree does not render it immutable, nor its terms solely governed by contract law, nevertheless, if found to be fair and just, it is specifically enforceable in equity." Eaton v. Grau, 368 N.J.Super. 215, 224, 845 A.2d 707 (App. Div.2004) (citations omitted).
Here, defendant has failed to demonstrate any unfairness or inequity in the PSA. As noted, neither law nor public policy intervenes to prohibit the voluntary undertaking by a parent to support a child beyond the presumptive age of emancipation. Moreover, no reason has been advanced why defendant should be relieved from the provisions of an agreement freely negotiated and knowingly executed only three years ago. The terms of defendant's child support obligation are plain and explicit, and the events of emancipation are set forth in clear and unambiguous language, leaving no room for interpretation. They should be enforced as written and agreed to by the parties, absent a substantial change in circumstances. But none here are alleged, much less that circumstances have changed in such a way that the child's continued dependency would no longer be fair or equitable. On the contrary, it may be strongly inferred that the *367 parties actually foresaw the very contingency that eventuated in this case and purposely provided for extended term support in light of their son's acknowledged "education problem" and consequent economic need. Under these circumstances, we perceive no inequity or unfairness in enforcing the plain and clear terms of the parties' agreement.
Accordingly, that portion of the order of October 22, 2004 declaring Vincent, Jr. emancipated and terminating defendant's child support obligation is vacated, and the matter is remanded for entry of an order consistent with this opinion.
NOTES
[1] Judge Lintner did not participate in oral argument. However, the parties consented to his participation in the decision.