**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0169-17T4

JUAN C. GARCIA,

      Plaintiff-Respondent,

v.

MARIA F. GARCIA,

      Defendant-Appellant.

_____

          Submitted November 5, 2018 – Decided December 10, 2018

          Before Judges Messano and Gooden Brown.

          On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FM-09-1817-16.

          Malcolm Blum, attorney for appellant.

          Santo V. Artusa, Jr., attorney for respondent.

PER CURIAM

In this post-judgment matrimonial matter, defendant (mother) appeals from the provision of the August 2, 2017 Chancery Division order, emancipating the parties' daughter, J.G., born August 1996.  We affirm.

The parties married in 1995 and divorced in 2016.  The Dual Judgment of Divorce (DJOD) incorporated a property settlement agreement (PSA) that designated defendant the parent of primary residence and obligated plaintiff to pay child support for J.G., the parties' only child.  When the parties signed the PSA, J.G. had "graduated from high school" and was attending "Hudson County Community College."  According to the PSA, each party agreed to contribute fifty percent towards J.G.'s "tuition and college related costs."

Regarding emancipation, the PSA provided in pertinent part that "the child shall be deemed emancipated, and the parties' legal obligation to support her shall end, upon the first to occur of the following events:"

> [1] The child engaging in or having the ability to engage in full-time employment and is therefore not [in] full-time attendance at college or a recognized post-secondary educational/training program, unless for good cause shown, except and provided that:
>
> > (a) Engagement of the child in partial employment shall not be deemed an emancipating event[;]
>
> > (b) Engagement by the child in full[-]time employment during vacation and summer

A-0169-17T4

> periods shall not be deemed an emancipating event . . . .
>
> [2] The completion of four . . . years of full-time undergraduate college studies or the attainment of a Bachelor's degree by the child, whichever shall occur first. It is the parties' intention that emancipation of the child shall only be deferred for four . . . consecutive years of college whether or not the child has graduated within that four year period[.]

On June 9, 2017, plaintiff moved to emancipate J.G. and terminate child support, asserting that J.G. was "working full[-]time" and "not in school." In opposition, defendant certified that J.G. was only "working part[-]time," and her "work hours [varied] between [eight] to [twelve] hours per week." Further, according to defendant, J.G. was "taking a full[-]time curriculum towards an Associate Degree," after which "she intends to continue with her college education to obtain a four (4) year degree." In support, defendant provided a copy of J.G.'s grades from Hudson County Community College. However, the document indicated that for the Fall 2016 and Spring 2017 semesters, J.G. failed to maintain a full-time credit load, resulting in her receiving less than twelve credits per semester.

On July 7, 2017, the parties appeared for oral argument on the motion. The motion judge adjourned the motion to allow defendant to "provide an official transcript" for J.G. Upon receipt of the records, on August 2, 2017, the

judge granted the motion on the papers, emancipating J.G. effective the date plaintiff filed the motion. In a written decision accompanying the August 2 order, the judge determined that defendant "ha[d] not met her burden of proof" and "failed to show [J.G.] ha[d] been attending Hudson [County] Community College uninterrupted on a full[-]time basis" as required by the PSA. According to the judge, "if [J.G.] enrolled in the Fall of 2016, she should have [four] semesters of courses with [twelve] credits per semester." Instead, she "[did] not provide [proof of enrollment for] more than [two] semesters." This appeal followed.[1]

On appeal, defendant argues she adduced sufficient facts to meet her burden of proof and the judge erred in determining otherwise. In the alternative, defendant asserts that "[a]t a minimum, the facts presented . . . amounted to contested material facts," necessitating a plenary hearing. We disagree.

We generally defer to the Family Part's fact-finding because of the court's expertise in family matters and ability to make credibility determinations. N.J.

---

[1] On October 17, 2018, we granted defendant's motion to supplement the record with J.G.'s transcript from Bergen County Community College where she apparently transferred for the Fall 2017, Spring 2018, and Fall 2018 semesters. We now conclude that the motion was improvidently granted because the motion judge adjudicated the motion that is the subject of this appeal without the benefit of those transcripts.

A-0169-17T4

Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 448 (2012). We defer to a judge's findings of fact unless they lack support in the record or are inconsistent with the substantial, credible evidence. Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 483-84 (1974). However, where "no hearing takes place, no evidence is admitted, and no findings of fact are made," we owe no deference to the trial court's conclusions. N.J. Div. of Youth & Family Servs. v. G.M., 198 N.J. 382, 396 (2009). Likewise, we owe no special deference to a trial court's "interpretation of the law and the legal consequences that flow from established facts." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Here, defendant challenges the court's determination that J.G. was emancipated. There is a rebuttable presumption against emancipation for individuals under the age of eighteen. Newburgh v. Arrigo, 88 N.J. 529, 543 (1982); Dolce v. Dolce, 383 N.J. Super. 11, 17 (App. Div. 2006). While attaining the age of eighteen "establishes prima facie, but not conclusive, proof of emancipation," Newburgh, 88 N.J. at 543, emancipation "does not occur . . .

automatically, by operation of law, simply by reason of the dependent child reaching the age of" eighteen. Dolce, 383 N.J. Super. at 17.[2]

"Whether a child is emancipated at age [eighteen], with the correlative termination of the right to parental support," requires a fact-sensitive inquiry, Newburgh, 88 N.J. at 543, to determine if "the child has moved 'beyond the sphere of influence and responsibility exercised by a parent and obtains an independent status of his or her own.'" Dolce, 383 N.J. Super. at 17-18 (quoting Filippone v. Lee, 304 N.J. Super. 301, 308 (App. Div. 1997)). Thus, "[a] court's emancipation 'determination involves a critical evaluation of the prevailing circumstances including the child's need, interests, and independent resources, the family's reasonable expectations, and the parties' financial ability, among other things.'" Llewelyn v. Shewchuk, 440 N.J. Super. 207, 216 (App. Div. 2015) (quoting Dolce, 383 N.J. Super. at 18).

---

[2] Effective February 1, 2017, under N.J.S.A. 2A:17-56.67, "a child support obligation shall terminate by operation of law without order by the court when a child reaches [nineteen] years of age," N.J.S.A. 2A:17-56.67(a); however, "a custodial parent . . . [may] seek[] the continuation of child support beyond the date the child reaches [nineteen] years of age" by demonstrating that "the child is a student in a post-secondary education program and is enrolled for the number of hours or courses the school considers to be full-time attendance during some part of each of any five calendar months of the year[.]" N.J.S.A. 2A:17-56.67(b)(1)(b).

A-0169-17T4

The court must also consider whether there is an agreement between "the parties to voluntarily extend the parental duty of support beyond the presumptive age of emancipation." Dolce, 383 N.J. Super. at 18. Where a parent "undertak[es] to support a child beyond the presumptive legal limits of parental responsibility[,]" the "parental obligation is not measured by legal duties otherwise imposed, but rather founded upon contractual and equitable principles." Ibid. (citations omitted).

Indeed, "[s]ettlement of disputes, including matrimonial disputes, is encouraged and highly valued in our system." Quinn v. Quinn, 225 N.J. 34, 44 (2016). "Therefore, 'fair and definitive arrangements arrived at by mutual consent should not be unnecessarily or lightly disturbed.'" Ibid. "As contracts, PSAs should be enforced according to the original intent of the parties," J.B. v. W.B., 215 N.J. 305, 326 (2013), and "a court should not rewrite a contract or grant a better deal than that for which the parties expressly bargained." Quinn, 225 N.J. at 45. Thus, "absen[t] . . . unconscionability, fraud, or overreaching in the negotiations of the settlement," Miller v. Miller, 160 N.J. 408, 419 (1999), "when the intent of the parties is plain and the language is clear and unambiguous, a court must enforce the agreement as written, unless doing so would lead to an absurd result." Quinn, 225 N.J. at 45.

A-0169-17T4

Here, the PSA extended J.G.'s emancipation beyond the presumptive age. The parties do not dispute that the PSA was entered into "by consensual agreement, voluntarily and knowingly," was "fair and equitable," and was therefore binding. Dolce, 383 N.J. Super. at 18. Plaintiff sought a determination that J.G. was emancipated under the terms of the agreement. We are satisfied there was substantial, credible evidence supporting the judge's determination that J.G. did not attend four semesters of college with at least twelve credits per semester, and was therefore not a full-time college student as required under the PSA. Accordingly, the judge correctly concluded plaintiff established the agreed upon condition for the emancipation of J.G. under the PSA.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0169-17T4