**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1018-17T3

NINA C. LONGER,

    Plaintiff-Respondent,

v.

ROBERT J. NACE,

    Defendant-Appellant.

_____

Submitted September 20, 2018 - Decided March 4, 2019

Before Judges Fuentes and Accurso.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-0535-02.

Rabkin Law Offices, PC, attorneys for appellant (Maryann J. Rabkin, on the brief).

Nina C. Longer, respondent pro se.

PER CURIAM

    Defendant Robert J. Nace appeals from a post-judgment order denying his

motion to emancipate the daughter born of his marriage to plaintiff Nina C.

Longer. Because we conclude the judge failed to enforce the parties' property settlement agreement incorporated into their judgment of divorce, which appears fair and equitable, we reverse.

The essential facts are undisputed. The parties were divorced in 2002 after eleven years of marriage. Their children were ten and seven. As relevant to the issues on appeal, the parties agreed they would share equally all costs of their children's post-secondary education and that their obligation "to make payments for the support and maintenance of the child(ren)" would terminate upon the emancipation of each child, "which shall be defined by the laws of the State of New Jersey at the time of the event, and generally deemed to occur today at the earliest happening of the following events: (a) Reaching the age of eighteen (18) years or completion of college education, whichever last occurs."

Both children attended private colleges. Defendant, a retired teacher, and plaintiff, the director of special services for a school district, shared equally the costs of their children's college educations without requiring them to first exhaust all available loans, grants and scholarships. As a result, the parties have gone into considerable debt to avoid saddling their son and daughter with like loans.

2

Following their daughter's graduation from college, defendant moved to declare her emancipated in accordance with their property settlement agreement. He also moved for the same relief as to their son, who by then had himself graduated from college, worked full-time for two years while living with plaintiff and enrolled in law school. Although acknowledging the parties' son was emancipated, plaintiff opposed the motion as to the parties' daughter, relying on N.J.S.A. 2A:17-56.67, a new law effective February 1, 2017, that provides generally that "the obligation to pay child support shall terminate by operation of law when a child reaches 23 years of age."

Plaintiff further asserted, without dispute by defendant, that the parties' daughter, then twenty-two, had enrolled in a two-year program at Bryn Mawr College to obtain a master's degree in social work. Plaintiff certified the young woman was living at home with her and commuting to school, and that her field placement obligations prevented her from obtaining paid employment. Plaintiff argued their daughter was "not emancipated by any equitable standard or the legal standard recently imposed by the New Jersey Legislature, which is the controlling standard Defendant Nace agreed to in our Property Settlement Agreement."

A-1018-17T3

After hearing argument on the motion, the court entered an order, consistent with its tentative decision, emancipating the parties' son but denying that relief to defendant as to the parties' daughter. Although plaintiff was not seeking defendant's contribution to their daughter's graduate school expenses but only continuation of defendant's child support obligation for her, the court analyzed the Newburgh[1] factors based on an unpublished opinion from this court, albeit acknowledging it had no precedential value. See R. 1:36-3.[2] After a cursory review of the Newburgh factors, the court declined defendant's request

---

[1] Newburgh v. Arrigo, 88 N.J. 529, 545 (1982).

[2] The prohibition of R. 1:36-3 against a court citing an unreported decision is not limited to an acknowledgment of the decision's lack of precedential value. The larger point is that such a decision "cannot reliably be considered part of our common law." Trinity Cemetery Ass'n, Inc. v. Twp. of Wall, 170 N.J. 39, 48 (2001) (Verniero, J. concurring). Writing for no audience other than the parties, we have no need to painstakingly explain facts and circumstances of which they are already aware. That lack of detail, however, presents a risk to others attempting to rely on the opinion. Here, a close read of the unpublished opinion makes plain the panel was not suggesting a court analyze the Newburgh factors when "deciding a decision to end child support" as the trial judge stated. Instead we were critical of the trial court for engaging in a less than "full review" of those factors in determining whether the parents were obligated to contribute to their child's graduate school costs, a point that had become moot while the case was on appeal because of the financial package offered the child. In no event should a court rely even on the persuasive value of an unreported opinion when it is at odds with published authority, as here. See Martinetti v. Hickman, 261 N.J. Super. 508, 513 (App. Div. 1993) (noting "the tests of Newburgh . . . are to be applied only where a contribution toward the direct costs of higher education is sought").

4

to enforce the property settlement agreement, finding the daughter had not moved beyond her parents' sphere of influence, see Filippone v. Lee, 304 N.J. Super. 301, 308 (App. Div. 1997), based on her enrollment in a full-time graduate program.

We ordinarily accord deference to the family part based on its special jurisdiction and expertise. Cesare v. Cesare, 154 N.J. 394, 411-13 (1998). We defer to the court's factual findings if "supported by adequate, substantial, and credible evidence in the record." D.A. v. R.C., 438 N.J. Super. 431, 451 (App. Div. 2014). We owe no deference, however, to rulings not based on witness testimony or credibility findings. Yueh v. Yueh, 329 N.J. Super. 447, 461 (App. Div. 2000). Our review of questions of law, including the interpretation of a marital agreement is, of course, de novo. Nicholas v. Mynster, 213 N.J. 463, 478 (2013); Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

The law is well settled that "'absen[t] . . . unconscionability, fraud, or overreaching in negotiations of the settlement,' a trial court has 'no legal or equitable basis ... to reform the parties' property settlement agreement.'" J.B. v. W.B., 215 N.J. 305, 326 (2013) (quoting Miller v. Miller, 160 N.J. 408, 419 (1999)). Of course, should changed circumstances render a fairly negotiated

agreement no longer equitable, a court remains free to modify the prior arrangement. Lepis v. Lepis, 83 N.J. 139, 146, 157, 161 n.12 (1980). And although changed circumstances are not limited to those unanticipated by the parties when they entered into their agreement, Dolce v. Dolce, 383 N.J. Super. 11, 19 (App. Div. 2006), the Supreme Court has cautioned that "care must be taken not to upset the reasonable expectations of the parties," J.B.v. W.B., 215 N.J. at 327.

Emancipation is that point at which "the parent relinquishes the right to custody and is relieved of the burden of support, and the child is no longer entitled to support." Filippone, 304 N.J. Super. at 308. Although our law presumes a child emancipated upon attaining majority, parents can bind themselves "by consensual agreement, voluntarily and knowingly negotiated, to support a child past majority, and such agreement is enforceable if fair and equitable." Dolce, 383 N.J. Super. at 18. When parents do so, "the parental obligation is not measured by legal duties otherwise imposed, but rather founded upon contractual and equitable principles." Ibid.

The parties in this case entered into a marital agreement to support their children through "the age of eighteen (18) years or completion of college education, whichever last occurs," sharing the costs equally. Moreover, they

6

determined they would not require their children to work or apply for loans, instead agreeing they would absorb all of the costs, going into debt if necessary, to spare their children significant debt upon their graduations. As both parties acknowledged the agreement was fair and equitable when they entered into it, and plaintiff presented no proof of changed circumstances justifying its modification, see Zazzo v. Zazzo, 245 N.J. Super. 124, 132 (App. Div. 1990), the trial court should have enforced it as written, see Dolce, 383 N.J. Super. at 21.

We do not read N.J.S.A. 2A:17-56.67 to require a different result. That statute provides for termination of any obligation to pay child support by operation of law "when a child reaches 19 years of age unless: (1) another age for the termination of the obligation to pay child support, which shall not extend beyond the date the child reaches 23 years of age, is specified in a court order." By its terms, the statute establishes an outer limit, age 23, for payment of child support. It cannot sensibly be read to extend an obligation of support that parties freely negotiated in a consensual agreement to that outer limit. See DiProspero v. Penn, 183 N.J. 477, 492 (2005) (noting the best indicator of the Legislature's statutory intent is the statutory language).

The parties having entered into a consensual and fair agreement providing for the emancipation of their children upon the completion of their college educations, which both parties claim they incurred substantial debt to finance, and plaintiff having not established changed circumstances sufficient to justify modification of that agreement, the court erred in setting aside its terms.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1018-17T3