**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2446-24

ELYSE M. MARCHESE,

     Plaintiff-Respondent,

v.

DANIEL G. MARCHESE,

     Defendant-Appellant.

_____

Submitted June 3, 2026 – Decided June 29, 2026

Before Judges Mayer and Vanek.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-1273-14.

The Marchese Law Firm, LLC, attorney for appellant (Daniel G. Marchese, on the briefs).

Cadicina Law, LLC, attorneys for respondent (Thomas R. McConnell, on the brief).

PER CURIAM

Defendant Daniel G. Marchese appeals from a December 9, 2024 post-judgment matrimonial order requiring him to pay child support arrears to his ex-wife, plaintiff Elyse M. Marchese, and to reimburse college expenses for the parties' eldest daughter, pursuant to their Marital Settlement Agreement (MSA). Defendant also appeals from a February 28, 2025 order denying reconsideration. We affirm in part and vacate and remand in part.

I.

The parties were divorced pursuant to a December 20, 2017 Dual Judgment of Divorce (DJOD), which incorporated their MSA. In the MSA, defendant agreed to pay all out-of-pocket post-secondary educational expenses for the parties' children as follows:

> The parties acknowledge that the Children may seek a post-secondary education. Both parties shall support the aspiration and opportunity for the Children and shall not constrain the opportunity and choice available for the Children at that time. The cost of preparation courses and/or application fees must be discussed and agreed upon prior to incurring this expense. The Children's post-high school educational expenses, for undergraduate college, junior college, vocational or trade school, shall be funded first from grants and/or scholarships and by way of financial aid, such as subsidized or unsubsidized loans. Thereafter, the parties agree that the Husband shall be responsible for the Children's reasonable post-high school educational expenses, for undergraduate college, junior college, vocational or trade school. Such educational expenses

2

shall include all necessary charges for pre-admission standardized tests, traveling and accommodations associated with visiting schools or interviewing at schools, application fees, tuition, room, board, activity fees[,] lab fees, books and supplies and transportation. Both parties shall cooperate fully in the Children's application process, both for admission and for financial aid, loans, grants and/or scholarships. They shall fully and promptly provide any necessary information, including tax returns and financial statements, and complete all necessary forms in a timely manner. If one party's failure to provide such information in a timely manner results in late fees or other financial penalties, that party shall bear the full cost of such fees or penalties. The parties shall begin discussing the Children's college education during the middle of each child's junior year of high school.

On October 7, 2024, plaintiff moved to enforce litigant's rights, seeking to enforce the MSA for "overdue [a]limony and child support" and to obtain reimbursement from defendant for the eldest daughter's college expenses totaling $111,873.32. The motion record demonstrates that the relationship between the eldest daughter and her father soured prior to the parties' execution of the MSA.[1] Although the eldest child had graduated college in December 2023, plaintiff explained in her supporting certification she did not file the

---

[1] The genesis of the break in the relationship between father and child is not relevant to our disposition of this appeal.

A-2446-24

motion sooner because she did not know she could seek enforcement of the MSA without legal representation and she could not afford an attorney.

Plaintiff demonstrated defendant was involved in this daughter's college application process—she had provided defendant with a list of schools, informed him of her college visits, and kept him updated on acceptances and scholarships. According to plaintiff, defendant was disruptive and controlling, and continued to insist the daughter pursue certain schools and programs that she was not interested in.

Plaintiff stated defendant was unhappy with the daughter's decision to attend the University of South Carolina (USC), along with the child's decision not to speak with him. However, there is no evidence in the record that defendant sought post-judgment relief as to the daughter's attendance at college or his financial obligation for her decision to attend USC's nursing program.

Plaintiff submitted a list of expenses she had incurred for college attendance and included an account summary which contained a list of charges and payments for USC tuition, fees, housing, and other college-related expenses. Plaintiff also documented off-campus rent and utility payments for the daughter's housing accommodations during her last year and a half of school.

4

Defendant opposed plaintiff's motion and cross-moved to reduce his child support obligation because the parties' youngest child began residing with him. Defendant argued the MSA should not be enforced because the eldest child had been "completely estranged" from him for over seven and a half years, beginning three months before the parties had executed the MSA. Defendant also asserted plaintiff's motion should be denied because she had failed to file the motion for reimbursement before the eldest daughter or child graduated college, she did not resolve his acrimonious relationship with the child, and she failed to sufficiently document the college expenses for which she sought reimbursement.

Defendant contended he was not involved in the eldest child's college selection process and was not presented with any bills for college expenses until the verge of her graduation. Defendant stated before the eldest child started college, he had verbally told plaintiff he would not pay for the college expenses pursuant to the MSA unless the child either spoke with him or had a relationship with him and suggested the child should attend community college instead. Defendant admitted he had paid for college application fees but asserted he wanted the child to apply to other universities and pursue a physician assistant program rather than the nursing program she ultimately attended. Defendant

alleged plaintiff had taken out loans and retained the funds instead of paying for the child's education.

On December 9, 2024, the judge granted plaintiff's motion and entered an order compelling defendant to reimburse plaintiff for the eldest child's college expenses based on an oral statement of reasons. The judge found plaintiff adequately supported her motion with invoices and billing statements confirming the amounts paid for the eldest child's education after deducting funds for loans and grants. The judge found the MSA enforceable, reasoning this case was distinguishable from Newburgh v. Arrigo, 88 N.J. 529, 544 (1982), which the judge stated would have required a "college contribution analysis." The judge concluded a Newburgh analysis allocating college contributions between the parties was unnecessary because the MSA, through which defendant undertook the obligation to pay 100% of the children's college expenses, was enforceable.

The judge also reasoned this case was distinguishable from Gac v. Gac, 186 N.J. 535 (2006), finding defendant was aware of the eldest child's college selection process because he had paid the application fees and had been critical of her decisions. Therefore, the judge ordered defendant to "pay the college

A-2446-24

expense in the amount that was set forth in the papers," without specifying that amount. The judge entered an order providing in part as follows:

> 1. Defendant shall reimburse [p]laintiff for college expenses in the amount set forth in the papers filed by [p]laintiff, and such reimbursement shall be paid by [d]efendant, beginning July 1, 2025, through meaningful payments.
>
> 2. Defendant is to relay to [p]laintiff's counsel . . . all cases that [d]efendant settles or may settle through his law practice, for as long as [d]efendant bears an obligation to [p]laintiff for alimony payments.
>
> 3. Defendant shall make a lump sum payment to [p]laintiff in the amount of $5,000 by December 31, 2024.
>
> 4. Defendant shall provide his financial information to [plaintiff's counsel] within twenty (20) days from the date of this [o]rder. Defendant and [plaintiff's counsel] shall execute a child support guideline based upon the financial information provided, and the [p]arties shall submit a [c]onsent [o]rder to the [c]ourt for [m]odification of the [c]hild [s]upport [o]rder.
>
> 5. Counsel fees are hereby awarded in favor of [p]laintiff, to be paid by [d]efendant within ninety (90) days, in the amount of $2,000.

Defendant moved for reconsideration, which the judge denied in a February 28, 2025 order and written statement of reasons. In denying the motion, the judge rejected defendant's reiteration of the same arguments raised

previously and found defendant's reconsideration motion did not warrant an award of counsel fees to plaintiff.

On appeal, defendant argues because the eldest child has not spoken to him in over seven and a half years, he is not obligated to pay for her college education.  Alternatively, he requests we remand the matter for a determination on the amount of college expenses he is required to pay.

II.

Our scope of review of Family part orders is narrow.  Cesare v. Cesare, 154 N.J. 394, 411 (1998).  Accordingly, we give "particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters," Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare, 154 N.J. at 413), and we will not overturn the Family Part's findings of fact when they are "supported by adequate, substantial, credible evidence."  Cesare, 154 N.J. at 412.

We also will not disturb the Family Part's factual findings and legal conclusions that flow from them unless they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice."  Ricci v. Ricci, 448 N.J. Super. 546, 564 (App. Div. 2017) (quoting Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div.

8

2015)).  However, we review a Family Part's legal determinations de novo.  Id. at 565.

We review a judge's denial of a motion for reconsideration for abuse of discretion.  Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021).  "The rule applies when the court's decision represents a clear abuse of discretion based on plainly incorrect reasoning or failure to consider evidence or a good reason for the court to reconsider new information."  Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 4:49-2 (2026).

### III.

Defendant argues the judge erred in enforcing the parties' MSA because the eldest child has not spoken to him for over seven and a half years.  He relies on Moss v. Nedas, 289 N.J. Super. 352 (App. Div. 1996), to support his position. We disagree and discern no error in the judge's conclusion that the parties' MSA is enforceable and requires defendant to pay the entirety of the eldest child's out-of-pocket college expenses.

The Legislature and Supreme Court "have long recognized a child's need for higher education."  Gac, 186 N.J. at 542.  Although courts consider the non-exhaustive list of twelve factors delineated in Newburgh when evaluating a claim for contribution towards the cost of a child's higher education, id. at 543,

9

where, as here, the parties' agreement imposed the obligation to pay 100% of all out-of-pocket college expenses on defendant, the trial court need not apply the Newburgh factors. Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 588 (App. Div. 2016). Instead, the court must enforce the agreement as written. See Quinn v. Quinn, 225 N.J. 34, 35-36 (2016); see also Gac, 186 N.J. at 544-45 (addressing college expenses in the absence of an agreement); Cf. Newburgh, 88 N.J. at 534 (discussing factors to be considered absent an agreement regarding college expenses).

Our decisional law reflects New Jersey's well-settled "policy favoring the use of consensual agreements to resolve marital controversies." Konzelman v. Konzelman, 158 N.J. 185, 193 (1999). "Voluntary agreements that address and reconcile conflicting interests of divorcing parties support our 'strong public policy favoring stability of arrangements' in matrimonial matters." Ibid. (quoting Smith v. Smith, 72 N.J. 350, 360 (1977)). We reaffirmed these principles in Catabran, stating "[a]bsent 'compelling reasons to depart from the clear, unambiguous, and mutually understood terms of the [MSA],' a court is generally bound to enforce the terms of a [MSA]." 445 N.J. Super. at 589 (quoting Quinn, 225 N.J. at 55). Defendant has not supported his argument that he should not be required to fulfill his contractual obligation to pay for the

entirety of the eldest child's college expenses under the MSA because she refuses to speak with him based on any controlling decisional law.

Here, the parties unequivocally agreed in their MSA defendant would be solely responsible for payment of all the children's college expenses without any conditions or qualifications. As such, defendant's obligations are "not measured by legal duties otherwise imposed," Dolce v. Dolce, 383 N.J. Super. 11, 18 (App. Div. 2006), but by his own undisputed assent to the parties' contractual agreement.

Although we have long recognized that, where the "circumstances have changed in such a way that requiring [a party] to pay for college would no longer be equitable and fair, the court also remains free to alter the prior arrangement." Moss, 289 N.J. Super. at 359-60 (quoting Lepis v. Lepis, 83 N.J. 139, 161 n.12 (1983)). However, defendant has not alleged a change in circumstances. By his own admission, the eldest child's refusal to communicate with him predated the MSA.

Thus, this case is distinguishable from Moss where changed circumstances warranted revisiting the MSA. In Moss, the trial judge initially required a father to pay a share of his daughter's college tuition in accordance with the parent's settlement agreement. 289 N.J. Super. at 354-56. After the

11

daughter transferred to a different college without notifying the father, the court reduced his obligation for that school year and ordered that the father would not be responsible for any further contribution "unless and until he is fully advised of all choices considered" by the daughter. Ibid. We affirmed, finding no abuse of discretion and noting prior arrangements can be set aside when a change in circumstances no longer makes them fair and equitable. Ibid.

Accordingly, defendant's argument that he does not have a relationship with the eldest child and that she perceives him as a "wallet" and "only seeks money" from him does not support extinguishing his contractual obligations to pay for her college expenses. Defendant does not contest the MSA language he agreed to, which does not condition his payment for college expenses to his children's love, affection, or relationship with him. Although defendant alleges he was not involved in the eldest child's college decision-making process, the judge found the record belied those unsupported contentions. We defer to the judge's factual determination on this issue as well supported by the motion record.

Applying our deferential standard of review, we affirm the judge's decision to enforce the MSA because defendant has failed to allege "changed circumstances" after signing the MSA. See Lepis, 83 N.J. at 148. Indeed,

12                                                                      A-2446-24

defendant concedes that the eldest child stopped communicating with him three months before the parties executed the MSA, that he paid for her college application process, and that he knew of her college selection despite his contrary wishes. Defendant acknowledges the eldest child received a $100,000 scholarship to another university but does not provide any evidence or argument rebutting plaintiff's assertion that USC was less expensive even after accounting for the scholarship she received from another school. Instead, defendant argues the other university offering the scholarship would have been a "better value," but that is not the standard.

Although we discern no error in the judge's conclusion that the MSA is enforceable, we vacate and remand in part for the judge to comply with Rule 1:7-4 solely to articulate a basis for the calculation of the amount defendant owes plaintiff for the eldest child's college expenses and to state that specific amount in an order. The judge did not provide a detailed factual analysis or make specific findings regarding the sufficiency of plaintiff's proofs, which defendant alleges do not substantiate the amount of requested reimbursement.

Affirmed as to the enforcement of defendant's obligation to pay the eldest child's college expenses pursuant to the parties' MSA. Vacated and remanded

13

for the judge to comply with <u>Rule</u> 1:7-4 as to the specific amount owed by defendant. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2446-24